Eastern District of Kentucky
FILED

JUN 04 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 26-64-KKC-MAS

MAURICE DEANDRE GATEWOOD

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about March 2, 2026, in Fayette County, in the Eastern District of Kentucky,

**MAURICE DEANDRE GATEWOOD**

did knowingly and intentionally distribute 50 grams or more of methamphetamine, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about March 2, 2026, in Fayette County, in the Eastern District of Kentucky,

**MAURICE DEANDRE GATEWOOD**

did knowingly and intentionally distribute a mixture or substance containing a detectable

amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §

841(a)(1).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about April 2, 2026, in Fayette County, in the Eastern District of Kentucky,

**MAURICE DEANDRE GATEWOOD**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 4**
**21 U.S.C. § 841(a)(1)**

On or about April 21, 2026, in Fayette County, in the Eastern District of Kentucky,

**MAURICE DEANDRE GATEWOOD**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 5**
**18 U.S.C. § 922(g)(1)**

On or about May 13, 2026, in Fayette County, in the Eastern District of Kentucky,

**MAURICE DEANDRE GATEWOOD,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess the following firearms which were in and affecting interstate commerce:

(1) Glock, Model 23 Gen 4, .40 caliber pistol bearing serial number RTU083;

(2) Kimber, Model Micro 9, 9mm caliber pistol bearing serial number

SCB0061135; and

(3) Taurus, Model G2C, 9mm caliber pistol bearing serial number ACE966233;

in violation of 18 U.S.C. § 922(g)(1).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**

1.      By virtue of the felony offenses alleged in Counts 1 – 4 of the Indictment,

**MAURICE DEANDRE GATEWOOD** shall forfeit to the United States any and all

property used, or intending to be used, to commit and/or facilitate the commission of the

violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained

directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841.

Any and all interest that **MAURICE DEANDRE GATEWOOD** has in this property is

vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.      By virtue of the commission of the offenses alleged in the Indictment,

**MAURICE DEANDRE GATEWOOD** shall forfeit to the United States any and all

firearms and ammunition involved in or used, or intending to be used, in the violations of

21 U.S.C. § 841 and/or 18 U.S.C. § 922. Any and all interest that **MAURICE DEANDRE**

**GATEWOOD** has in this property is vested in and forfeited to the United States pursuant

to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.      The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
Approximately $1,354.00 in U.S. currency seized on or about May 13, 2026.

**FIREARMS AND AMMUNITION:**

a. Glock, Model 23 Gen 4, .40 caliber pistol bearing serial number RTU083;
b. Kimber, Model Micro 9, 9mm caliber pistol bearing serial number SCB0061135;
c. Taurus, Model G2C, 9mm caliber pistol bearing serial number ACE966233; and
d. Assorted ammunition.

4.      If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**



_____

**JASON D. PARMAN**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

_____

**FRANCISCO J. VILLALOBOS II**
**ASSISTANT UNITED STATES ATTORNEY**

## **PENALTIES**

**COUNT 1:**    Not less than 10 years imprisonment and not more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

**COUNTS 2-4:**    Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**COUNT 5:**    Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

**PLUS:**    Mandatory special assessment of $100 per count.

**PLUS:**    Restitution, if applicable.

**PLUS:**    Forfeiture, as alleged.